# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KEVIN TIFFITH**                                             **CIVIL ACTION NO.**

**VERSUS**                                                    **20-617-BAJ-EWD**

**ANDREW SAUL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 4, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KEVIN TIFFITH                                             CIVIL ACTION NO.

VERSUS                                                    20-617-BAJ-EWD

ANDREW SAUL

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

It is recommended that the Rule 12(b)(1), 12(b)(2), and 12(b)(5) Motion to Dismiss ("Motion to Dismiss"),[1] filed by Andrew Saul, Social Security Commissioner (the "Commissioner") be granted as Kevin Tiffith ("Plaintiff") has not timely opposed the Motion to Dismiss and the motion has merit.

Local Civil Rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion, to wit:

> **LR 7(f) Response and Memorandum.** Each respondent opposing a motion shall file a response, including opposing affidavits, and such supporting documents as are then available, within twenty-one days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the Court may order. Reply memoranda may be filed without leave of court in Rule 12 and Rule 56 motions only. Any such reply memoranda shall be filed within fourteen days after serve of the response to the motion. Leave of court must be obtained to file surreplies in Rule 12 and Rule 56 motions. Leave of court must be obtained to file reply and surreply memoranda in all other motions not listed.

Here, the Commissioner filed the Motion to Dismiss on September 29, 2020. On October 26, 2020, a hearing was scheduled for November 16, 2020 on the Motion to Dismiss.[2] Plaintiff

---
[1] R. Doc. 3.
[2] R. Doc. 4.

appeared at the November 16th hearing. He acknowledged receipt of the Motion to Dismiss and, because Plaintiff is unrepresented, he requested an additional 30 days to respond. Although Plaintiff's time period to respond under the Local Civil Rules had already expired, counsel for the Commissioner did not object so Plaintiff's request for additional time was granted and Plaintiff was ordered to file his response to the Motion to Dismiss by no later than December 16, 2020.[3] As of January 4, 2021, Plaintiff has not filed an opposition memorandum, nor has he requested an additional extension of time to do so. Therefore, the Motion to Dismiss is deemed to be unopposed.

Further, after reviewing the record, the Motion to Dismiss has merit. Plaintiff seeks judicial review of a denial of disability insurance benefits. The Motion asserts that the case should be dismissed because this Court lacks subject matter jurisdiction pursuant to the derivative jurisdiction doctrine and because timely, valid service has not been made.

This case was originally filed in Louisiana state court. Because federal courts have exclusive jurisdiction over cases seeking judicial review of the Commissioner's final decisions regarding social security benefits,[4] the Louisiana state court lacked jurisdiction when the case was originally filed. When the case was removed from state to federal court, the jurisdiction of the federal court derived from the state court's jurisdiction. "Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit

---

[3] R. Doc. 6.
[4] *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia …."). The Social Security Act further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." *See* 42 U.S.C. § 405(h).

2

originally brought in a federal court it would have had jurisdiction."[5] Accordingly, this suit is required to be dismissed for lack of subject matter jurisdiction under the derivative jurisdiction doctrine.[6] Because the Court lacks subject matter jurisdiction, the question of whether Plaintiff timely effected appropriate service need not be addressed.[7]

## **RECOMMENDATION**

**IT IS RECOMMENDED** that the Rule 12(b)(1), 12(b)(2), and 12(b)(5) Motion to Dismiss,[8] filed by Andrew Saul, Social Security Commissioner be **GRANTED** and all claims asserted by Plaintiff Kevin Tiffith against Defendant Andrew Saul, Social Security Commissioner be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Any objection to this Report and Recommendation should include an explanation of the failure to timely file an opposition memorandum in response to the Motion to Dismiss and should attach any opposition memorandum to the Motion to Dismiss.

Signed in Baton Rouge, Louisiana, on January 4, 2021.

_Erin Wilder-Doomes_
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014), as revised (Apr. 28, 2014) (citing *Minnesota v. United States*, 305 U.S. 382, 289 (1999).

[6] *See Jones v. Social Security Administration*, No. 18-1792, 2018 L 5631504, at *3 (N.D. Tex. Oct. 31, 2018).

[7] As to service, the Motion to Dismiss alleges that neither the United States Attorney's Office for the Middle District of Louisiana nor the Social Security Administration were served with the petition, as required under Fed. R. Civ. Proc. 4(i). There is no indication in the state court record that the United States Attorney's Office for the Middle District of Louisiana and the Social Security Administration were served with the original petition, as required under Fed. R. Civ. Proc. 4(i). Under Rule 4(m), if a defendant is not properly served within 90 days of the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or order that service be made within a specified time. An extension of time must be provided if the plaintiff demonstrates good cause. As Plaintiff has failed to respond to the Motion to Dismiss, despite an additional extension of time to do so, he has not established good cause as to service, however, it is not necessary to reach the question of service, as the Court does not have subject matter jurisdiction over the case.

[8] R. Doc. 3.